IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) ) Plaintiff, ) v. ) ) ) ) CHERI L. PERSAUD, ) ) Defendant ) ) _____) | No. 07-10180-04 WEB |

**MEMORANDUM AND ORDER**

The case comes before the Court on Defendant Cheri Persaud's Motion to Appoint Counsel Under CJA Act (Doc. 402). Ms. Persaud was one of several defendants charged in a third superceding indictment containing 73 counts with numerous fraud violations. On or about September 14, 2009, an order was entered dismissing Ms. Persaud from the third superceding indictment without prejudice.

Ms. Persaud's motion states that she entered into a pretrial diversion agreement with the government. Counsel advises that pursuant to the diversion agreement, the government is seeking to take Ms. Persaud's deposition and claims that because of the nature of the statements that are anticipated to be made, defense counsel is requesting to be present. Although Ms. Persaud had retained Mr. Kerns for the above referenced

criminal proceedings, her motion states that she no longer has the resources to retain counsel. Therefore, Mr. Kerns requests to be appointed.

The Court notes that although Ms. Persaud's motion, dated August 30, 2010, states that a separate financial affidavit would be submitted, no such affidavit has been provided. Ms. Persaud's motion cites no applicable case law or statute that grants this Court the authority to grant her request. Without such authority and in absence of the financial information required to support it, her motion must be denied.

According to the Guide to Judiciary Policy, Volume 7: Defender Services, certain appointments are mandatory, while others are discretionary. *See,* § 210.20.10 and §210.20.20. Specifically, one such discretionary appointment is that counsel "may be appointed for financially eligible persons proposed by the U.S. attorney for processing under a 'pretrial diversion' program." § 210.20.20 (d). Although Ms. Persaud's motion states that she entered into a pretrial diversion agreement with the government, counsel here seeks to be appointed for representation at a deposition subsequent to the agreement. Ms. Persaud was represented during the pretrial diversion process that resulted in the dismissal of the counts against her in this case.

The Court can find no authority to appoint Mr. Kerns. First, in the absence of sufficient financial information from Ms. Persaud to establish the necessity of such an appointment the Court cannot determine her need. Second, Mr. Kerns' appointment to represent Ms. Persaud in a deposition subsequent to a pretrial diversion agreement is a matter that is at best discretionary under the CJA Act. These facts, taken together, require that the Court deny Ms. Persaud's motion.

IT IS THEREFORE ORDERED that Ms. Persaud's Motion to Appoint Counsel Under CJA Act (Doc. 402) be DENIED.

IT IS SO ORDERED this 3rd day of September, 2010 at Wichita, Kansas.

s/ Wesley E. Brown

U.S. Senior District Judge